# Crawford County Street Railway Company *v.* Meadville, Appellant.

*Street railways—Franchise—Nonuser—Recovery of money paid to cover repairing—Municipal corporations—Streets—Statute of limitations.*

1. Where a street railway company, in accordance with the provisions of an ordinance, pays a city a fixed sum "as a condition to the granting of the franchise" and pays the city another fixed sum to cover the estimated cost of paving displaced "in case the track of the company shall be laid in any street which had heretofore been paved," the latter sum is held as a deposit to become the moneys of the city only on condition that the company enters upon the paved streets and is recoverable in an action of assumpsit upon expiration of the franchise of the company without user.

2. In such case, the money held to cover the estimated cost of paving displaced is held on deposit and the statute of limitations does not begin to run until some act of conversion by the city.

Argued April 25, 1910. Appeal, No. 284, Jan. T., 1910, by defendant, from judgment of C. P. Crawford Co., Feb. T., 1908, No. 79, for plaintiff on case stated in case of Crawford County Street Railway Company v. City of Meadville. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Case stated in assumpsit. Before BOUTON, P. J., specially presiding.

The facts appear in the opinion of the Supreme Court.

*Error assigned* was judgment of the court on case stated.

*James P. Colter,* with him *Manley O. Brown,* for appellant.—It was clearly within the power of the city to make the validity of the franchise depend upon the payment, by the plaintiff company, of the full sum of $5,370 within thirty days from the date of approval of the ordinance as set forth in sec. 9 of the ordinance: Allegheny v. Ry. Co., 159 Pa. 411.

There is no proof of any contract on the part of the defendant to refund any part of the money paid, pursuant to the ordinance: Pittsburg v. Keech, 21 Pa. Superior Ct. 548.

The payment made by plaintiff to the defendant is shown to have been a voluntary payment for a special privilege, and cannot, therefore, be recovered back under any circumstances: Schoenfeld v. Bradford, 16 Pa. Superior Ct. 165; Peebles v. Pittsburg, 101 Pa. 304; Gould v. McFall, 118 Pa. 455; Murphy v. Cawley, 7 Kulp, 128; McCrickart v. Pittsburg, 88 Pa. 133.

The plaintiff's claim is barred by the statute of limitations: Hostetter v. Hollinger, 117 Pa. 606; Zacharias v. Zacharias, 23 Pa. 452; Boustead v. Cuyler, 116 Pa. 551; Andress's App., 99 Pa. 421.

*Frank J. Thomas*, of *Thomas & Thomas*, with him *David L. Starr* and *Wesley B. Best*, for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, July 1, 1910:

Under a general ordinance all street railways in the city of Meadville were obliged to pave between their rails and one foot on each side. An ordinance was passed granting to the plaintiff company the privilege of constructing a railway on certain streets in that city. It provided: "As a condition to the granting of any franchise to the said company, there shall be paid by the company to the city treasurer, for the use of said city, the sum of one thousand dollars," and "In case the track of the company shall be laid in any street which has heretofore been paved, the said company shall pay to the city that proportion of the costs $4,370 of such paving, which the width of said track and one foot on the outside of each rail shall bear to the whole width of said pavement, such payment to be made within thirty days from the approval of this ordinance," and "Said company shall within thirty days from the approval of this ordinance make the said payment of the sum of one thousand dollars bonus,

and the amount of four thousand three hundred and seventy dollars as estimated by city engineer to be the cost of paving displaced on North street and Market street."

The sums named were duly paid by the company, and the city treasurer receipted for the $1,000 "for bonus on granting franchise" and for the $4,370, "on account North and Market street pavement." The latter sum was deposited by the city treasurer in a bank to his credit, the account being designated "W. E. Porter, City Treasurer, North and Market streets," and the deposit so remained until councils passed a resolution "that the said controller be instructed to place in the unappropriated funds of the city four thousand three hundred and seventy dollars which is on deposit, and which was received from the Crawford County Street Railway Company."

The plaintiff company never entered upon any of the streets, and the time limit of the franchise having expired, by action duly taken it officially decided not to build the road, and made demand upon the city for the return of the $4,370, which demand was refused; whereupon, action was brought by the company against the city.

The learned court below states in the opinion filed: "It is clear that the city granted to the plaintiff company a franchise to construct, maintain and operate its line for the consideration of $1,000. . . . It appears, however, that some of the streets over which the company had the right to build its lines were already paved, and in order to put the company in the same position that they would have been in had such streets not been paved, and to reimburse the city for the proportionate cost of such paving, which the company would have been bound to pay had not such streets been paved, they provided: 'In case the track shall be laid on any street which has heretofore been paved the company shall pay that proportion of the costs $4,370 of such paving, which the width of said track

and one foot on the outside of each rail shall bear to the whole width of said pavement.' . . . And in order to avoid any future controversy or difficulty the city required this sum to be paid to its treasurer. Counsel for the city contend that this was the price required by the city for the franchise over North and Market streets, which were paved. With this contention we cannot agree. The franchise over all of the streets was specifically granted for the sum of $1,000, and the $4,370 was simply to reimburse the city in case the pavement on North and Market streets was displaced. The company concluded not to construct its railroad, and now claim that they are entitled to recover back from the city this sum of $4,370. It is evident that the city did not treat this as a bonus for the granting of the franchise from the receipts given the plaintiff. . . . There is nothing in equity or good conscience which permits the city to retain this money. . . . In our opinion the payment of this $4,370 was a mere deposit with the city, to become the moneys of the city only on condition and when the company entered upon the paved streets. Such being the case, and the company having determined not to construct the road, and having forfeited their franchise, are now entitled to recover from the city the amount so deposited, together with interest thereon from January 12, 1905, when they decided not to build their road and made demand upon the city for the return of the money." We agree with this view of the case. The $1,000 was a bonus which was forfeited when the company failed to comply with the ordinance and build its road; the $4,370 was a deposit made under the terms of the ordinance, and can be recovered back.

Appellant's contention that the plaintiff's claim is barred by the statute of limitations cannot be sustained. The amount claimed being a deposit, the statute would not begin to run until an act of conversion on the part of the defendant. The resolution of councils directing the city controller to place the $4,370, which was then on special deposit, in the unappropriated funds of the city

was not finally passed till December 21, 1904, and demand by the plaintiff for the return of this sum was not made till January 12, 1905.

The assignments of error are overruled and the judgment is affirmed.